IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>BERTRAM JOHNSON,<br><br>                              Defendant. | Criminal Action No. 3:97CR234-04 |

### ORDER

THIS MATTER comes before the Court on Defendant Bertram Johnson's Motion with regard to his court-ordered restitution. Defendant raises an objection to the Bureau of Prisons establishing a payment schedule according to the Inmate Financial Responsibility Program. In order to evaluate Defendant's request that the Court enter a new restitution order, the Court directed the United States to respond to the Defendant's motion and include in that response an update regarding the Defendant's financial situation and the Bureau of Prisons' present attempts to collect the restitution award.

Defendant first appeared in this Court in 1997 to face charges of conspiracy, bank fraud and possession of counterfeit checks. Defendant eventually pled guilty to conspiracy to commit bank fraud and was sentenced on April 24, 1998, to 33 months in prison and ordered to pay restitution in the amount of $94,620.15. The Judgment did not order the restitution due immediately, but instead,

the Court ordered Defendant to pay 40 percent of his net income toward the restitution amount beginning within 30 days of placement on supervised release.[1]

According to the United States, following release from prison after being found in violation of his conditions of supervised release as set by this Court, Defendant was convicted of possession with the intent to distribute marijuana in the Western District of Texas and received a one-hundred and forty (140) month sentence which he is currently serving in F.C.I. Petersburg. Defendant's case manager informed the Government that Bureau of Prisons is now attempting to collect the unpaid restitution amount in installments of $25.00 every three months.

In the Motion before the Court, Defendant asks this Court to establish a payment program while he is serving his current sentence because he does not want the Bureau of Prison involved in determining his repayment schedule. Defendant represents in his motion that he is currently employed as an orderly, earning $16 a month. Defendant asks that the Court establish a payment schedule. Alternatively, defendant requests that the Court to issue a new order directing that the restitution should be due during the period of supervised release associated with the cocaine distribution charge.

In <u>United States v. Johnson</u>, 48 F.3d 806 (4th Cir. 1995), the Fourth Circuit found the delegation of the authority to set the amount and timing of restitution payments to the Bureau of Prisons or the Probation Office to be impermissible and in contravention of Article III of the United States Constitution because the duty to impose a sentence, including restitution, is solely a judicial function. <u>Johnson</u>, 48 F.3d at 808. The district court is given the authority in sentencing to order

---

[1] The United States reports that defendant made his last restitution payment on March 2000; he has paid a total of $4,979 toward his restitution amount.

the defendant to pay restitution to the victim. See 18 U.S.C. § 3556. "Upon determination of the amount of restitution owed to each victim, *the court shall*, pursuant to section 3572, specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid." 18 U.S.C. § 3664(f)(2) (emphasis added). A majority of the Circuit Courts, including the Fourth Circuit, forbid delegating the preparation of a payment schedule to the Bureau of Prisons and the probation office. See United States v. Overholt, 307 F.3d 1231, 1255 (10th Cir. 2002) (citing cases from the Second, Third, Fourth, Fifth, Seventh and Eighth Circuit Court).

In light of Defendant's current incarceration and the obvious change which this condition has on Defendant's economic circumstances, the Court hereby ORDERS the following adjustment to the restitution order imposed in this case: the restitution shall be due in full immediately and is due during the period of incarceration in the amount of $25.00 per quarter. Furthermore, Defendant shall participate in the Inmate Financial Responsibility Program.

Let the Clerk send a copy of this Order to Mr. Johnson, the Bureau of Prisons and counsel for the United States. Additionally, the Government is DIRECTED to notify the appropriate victims as to this change in Defendant's restitution order.

It is SO ORDERED.

ENTERED this 9th day of MAY, 2005

                                                 /s/ James R. Spencer
                                                 UNITED STATES DISTRICT JUDGE